IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GREG ALLEN JOHNSON,<br><br>Defendant.. | CR. NO. 01-111<br><br>**RULING DENYING<br>60(B) MOTION** |

This is a motion seeking relief pursuant to Federal Rule of Civil Procedure 60(b). On June 1, 2004, this Court denied Johnson's motion to vacate, set aside, or correct defendant's sentence pursuant to 28 U.S.C. § 2255. In his section 2255 motion, Johnson claimed that his counsel was ineffective for failing to properly consult and confer with his client when formulating a defense. The Court found no basis for the ineffective assistance claim and dismissed the motion.

On February 1, 2008, Johnson filed this motion for relief under Federal Rule of Civil Procedure 60(b)(5) and (6). Under these subsections, a court may relieve a party from a final judgment where "(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(5), (6). Such motion shall be made within a reasonable time. Fed. R. Civ. P. 60(b).

In the present motion, Johnson asserts that the section 2255 judgment should be vacated

because it "was in direct conflict with decisions of other Circuit[s] as well as decisions of the United States Supreme Court." Motion for 60(b) Relief at 2. Specifically, Johnson argues that the Court failed to find counsel ineffective for failing to challenge the enhancements used to increase Johnson's guideline range. See Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005) (any fact that increases a sentence must be found beyond a reasonable doubt by a jury).

Johnson's argument fails for several reasons. First, Johnson never raised this issue in his section 2255 motion or in any other motion previously. As stated above, the only issue raised in Johnson's section 2255 motion was whether counsel consulted and conferred with his client when formulating a defense. While Johnson raised Blakely v. Washington, 542 U.S. 296 (2004) in his application for a certificate of appealability, it was too late for the district court to address. The Court of Appeals for the Eighth Circuit also denied the application for certificate of appealability.  See United States v. Johnson, No. 04-2817 (8th Cir. February 25, 2005)(application for certificate of appealability denied and appeal dismissed).

Second, Johnson's motion has no merit. The rules set forth in Blakely and Booker have not been made retroactively applicable to cases on collateral review, and they do not apply to defendant's case. See Never Misses a Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (per curiam).

Finally, Johnson's motion is denied as untimely. Johnson was fully aware of the basis of the district court ruling, and that the Court of Appeals denied Johnson's Application for Certificate of Appealability. Any claim based on Apprendi/Blakely/Booker could have been

2

raised immediately after the mandate from the Court of Appeals (February 25, 2005). Johnson gives no reason for waiting three years to file this motion.

    IT IS ORDERED that the motion for relief under Fed. R. Civ. P. 60(b) is denied.

    Dated this 7th day of February, 2008.

                                          HAROLD D. VIETOR
                                          Senior U.S. District Judge