IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>GREG ALLEN JOHNSON,<br>Defendant. | 4:01-CR-111<br><br>MOTION FOR TERMINATION OF SUPERVISED RELEASE |
|---|---|

Greg Johnson requests the Court grant early termination of supervised release pursuant to 18 U.S.C. Section 3583 (e)(1), and, in support, states:

1. Greg Johnson was sentenced on January 25, 2002 to a term of 210 months of imprisonment and 60 months of supervised release.

2. Upon release from prison on November 20, 2014, Johnson was placed at Fort Des Moines, and eventually placed at home with electronic monitoring. He began supervised release on September 21, 2015.

3. Johnson reports: during his time in prison, he had no violations; and during his time on supervised release, he had no violations.

4. While in prison, Johnson completed approximately 20 ACES courses[1] and a 40-hour substance abuse course. Johnson also completed the RDAP[2] program. Johnson continues to attend regular counseling. (Exhibit A, Prelude Receipts.)

5. Johnson spent over 10 years in Unicor (a prison industries work program giving him access to tools). Participation in Unicor requires the lowest level of security risk. Johnson reports that participation in Unicor requires "clear conduct from day one and warden approval".

6. Johnson demonstrates stability and security. He owns and maintains his own residence. (Exhibit B, Property Tax and Insurance Receipts.) He has a good credit score. (Exhibit D, FICO Credit Score.) He saved money (Exhibit E, savings transaction history with balance). Johnson is in a committed relationship with Joleen Marie McGriff, an honorably discharged veteran who has no criminal record and is regularly employed by Veterans Administration. Johnson reports that he is regularly in bed by 8 pm and up at 4 am, even on weekends.

7. Johnson is a motivated and valued worker (Exhibit E, Pay stubs, Exhibit I, Letter from Flynn Midwest). Johnson used skills from before incarceration and skills learned in prison to obtain the job at Flynn Midwest. He is a certified member of the United Union of Roofers Waterproofers and Allied Workers. (Exhibit F, Union Member Cards.) Johnson has a close relationship with his union and that community provides him with

---

[1] Adult Continuing Education – usually 6 – 8 week courses.
[2] Residential Drug Abuse Program – 9 months intensive and multiple months of follow up.

additional support. Johnson completed the following to advance his career (Exhibit G, Training Certificates):

    a. Aerial Work Platform training at CTS;

    b. Forklift training at CTS;

    c. Ten-hour Construction Safety and Health at CTS; and

    d. Multiple training certifications through OSHA including:

        i. A92.3 Manually Propelled;

        ii. A92.5 80-185 ft.;

        iii. A92.6 Self-Propelled Scissor;

        iv. A92.5 Boom Supported;

        v. ITA Class 1,4,5 Forklift; and

        vi. ITA Class 7 Forklift.

    e. Multiple levels of Driver License (Exhibit H, Driver's License.)

8. Johnson is interested in giving back to the community and sought out the opportunity to speak with participants in the Polk County Recovery Court Program about opportunities for women to advance through union programs.

9. Johnson seeks early termination of supervised release to allow him the opportunity to work on additional projects and to seek career advancement at Flynn Midwest. (Exhibit I and J, detailing additional opportunities available to Johnson once released from supervision and denial of one opportunity based on background check.)

10. 18 U.S.C. Section 3583 provides that, when considering an early termination of supervision, courts look to section 3553(a)(1), (a)(2)(B), (a)(s)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7):

    a. Section 3553(a)(1): nature and circumstances of offense, history and characteristics of defendant

    b. Section 3553(a)(2)(B): deterrence

    c. Section 3553 (a)(2)(C): protect public

    d. Section 3553 (a)(2)(D): needed education and vocation training

    e. Section 3553 (a)(4): kind of sentences and ranges

    f. Section 3553 (a)(5): any policy statement

    g. Section 3553 (a)(6): need to avoid sentencing disparities

    h. Section 3553 (a)(7): restitution needs

11. Johnson displays exemplary post-conviction rehabilitation. During incarceration and supervised release, he had no reports of infractions.  While in and out of custody, he shows dedication to career advancement.  He demonstrates consistent law-abiding behavior and became a contributing member of his community in the 3 years since his release from prison and his more than two years on supervised release. It is both warranted by Johnson's conduct and would be in the interests of justice for the Court to grant early termination of Johnson's supervised release.

*Christine E. Branstad*
Christine E. Branstad (AT0001125)
BRANSTAD LAW, PLLC
2501 Grand Avenue, Suite A
Des Moines, Iowa 50312
Office: 515/224-9595
Cell: 515/240-7043
Fax: 515/281-1474
Branstad@BranstadLaw.com

Electronically Filed and Served on all parties on November 16, 2017. *THB*